**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MUSTAFA ANSARI ) <br> ) <br> Plaintiff/Petitioner, ) <br> ) <br> vs. ) <br> ) <br> DEPARTMENT OF EMPLOYMENT, ) <br> TRAINING AND REHABILITATION; and ) <br> SHANNA JUDIE, Case Manager ) <br> ) <br> Defendants/Respondents. ) | Case No.: 2:22-cv-00561-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Writ of Mandamus, (ECF No. 1), filed by *pro se* Petitioner Mustafa Ansari ("Petitioner"). Petitioner then filed a Request for Hearing on the Writ of Mandamus, (ECF No. 7). Respondents, Department of Employment, Training and Rehabilitation ("DETR") and Shanna Judie (collectively, "Respondents") filed a Response, (ECF No. 8). Petitioner then filed a Motion to Compel, (ECF No. 9), and a separate Motion to Compel Respondents to Issue Petitioner's Unemployment Benefits, (ECF No. 10). Respondents filed a Motion to Strike the second Motion to Compel, alleging that the motion was a "sur reply" for which Petitioner did not previously seek leave from the Court to file, (ECF No. 11).

Also pending before the Court is Petitioner's Motion for Preliminary Injunction, (ECF No. 15), to which Respondents submitted a Response, (ECF No. 16).

Also pending before the Court is Petitioner's Motion for Summary Judgment or Partial Summary Judgment, (ECF No. 18), to which Respondents submitted a Response, (ECF No. 22).

Also pending before the Court is Petitioner's Motion to Cease Contemptuous Conduct, (ECF No. 19).

For the reasons discussed below, the Court lacks jurisdiction over Petitioner's action because Petitioner failed to exhaust all administrative remedies prior to filing his Writ of Mandamus. Accordingly, the Court **DENIES** Plaintiff's Writ of Mandamus and **DISMISSES without prejudice** Petitioner's action. Because the Court concludes that it does not have jurisdiction to hear Petitioner's Writ of Mandamus, the Court **STRIKES** Petitioner's Request for Hearing, (ECF No. 7), Respondents' Motion to Strike, (ECF No. 11), Petitioner's Motion for Preliminary Injunction, (ECF No. 15), Petitioner's Motion for Summary Judgment or Partial Summary Judgment, (ECF No. 18), and Petitioner's Motion to cease Contemptuous Conduct, (ECF No. 19).

## I. BACKGROUND

This case arises from the payment of unemployment benefits related to the COVID-19 pandemic. Plaintiff's filings are largely devoid of factual allegations. According to the exhibits attached to Respondents' Response, (ECF No. 8), Petitioner filed a claim for Pandemic Unemployment Assistance ("PUA") benefits with the DETR on March 8, 2020. (*See generally* January 18, 2022 Decision, Ex. B to Resp., ECF No. 8-2). Petitioner was initially deemed eligible for PUA benefits and received such benefits through November 28, 2020. (Resp. 2:21–22, ECF No. 8). However, Petitioner received a letter dated March 26, 2021, notifying Petitioner that the DETR had investigated his PUA benefits claim and found that he was "not entitled to PUA benefits" for multiple reasons including, among other things, (1) failure to demonstrate that his unemployment was COVID-19 related, and (2) failure to show that he met the requirements for PUA under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. (PUA Determination Letter at 2, Ex. A to Resp., ECF No. 8-1). Petitioner appealed the DETR's findings that he failed to meet the requirements for PUA under the CARES Act. (January 18, 2022 at 2, Decision, Ex. B to Resp.). Following a hearing, the DETR Appeal Referee modified its January 18, 2022 decision, noting that Petitioner "is entitled to

[PUA] benefits from March 8, 2020 onward providing the [Petitioner] is otherwise eligible." (*Id.* at 3, Ex. B. to Resp.)

Because the March 26, 2021 letter disqualified Petitioner from receiving PUA benefits on multiple grounds, the DETR informed Petitioner that he was required to appeal each disqualifying factor. (Resp. 2:19–21). On May 3, 2022, following Petitioner's second appeal, the Appeal Referee determined that "the preponderance of evidence clearly established that [Petitioner's] loss of employment was not related to COVID-19 beyond April 12, 2020" and thus he could not establish eligibility for PUA benefits after April 12, 2020. (May 3, 2022 Decision at 3, Ex. D to Resp., ECF No. 8-4).

Before the DETF Appeal Referee published its second decision, Petitioner filed his Request for Writ of Mandamus in this Court on April 2, 2022. (Writ, ECF No. 1). Petitioner sought mandamus to compel Respondents to "process the payments due to Petitioner by a final decree" of the Appeal Referee. (*Id.* 2:17–20).

## II.     **LEGAL STANDARD**

"The party seeking mandamus has the burden of showing that its right to issuance of the writ is clear and indisputable." *Will v. United States*, 389 U.S. 90, 96 (1967) (internal quotation marks omitted). "[M]andamus is not to be used to compel a judge to exercise his discretion in a particular way." *Monoz v. U.S. Dist. Court.*, 446 F.2d 434, 436 (9th Cir. 1971). "[O]nly exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." *Will*, 389 U.S. at 95 (citation omitted). To determine whether this is an "extraordinary" case in which a writ of mandamus should be issued, the Court considers the *Bauman* factors:

> (1) whether the petitioner has no other means, such as a direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or

      manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression.

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1156 (9th Cir. 2010) (citing *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 655–56 (9th Cir. 1977)). Not all factors need to be met. *See, e.g.*, *Cole v. U.S. Dist. Court*, 366 F.3d 813, 817 (9th Cir. 2004) ("Evidence showing that all the *Bauman* factors are affirmatively presented by a case does not necessarily mandate the issuance of a writ, nor does a showing of less than all, indeed of only one, necessarily mandate denial; instead, the decision whether to issue the writ is within the discretion of the court."). While the *Bauman* factors provide a framework for analysis, they should not be mechanically applied. *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1079 (9th Cir. 2010) (citing *Cole*, 366 F.3d at 817).

      The third factor of *Bauman*—clear error by the district court—"is often dispositive of the petition . . . . [C]lear error is, if not necessary, a 'highly significant' factor." *Cole*, 336 F.3d at 820.

### III.     DISCUSSION

      As a preliminary matter, the Court construes Petitioner's Motion to Compel, (ECF No. 9), and Petitioner's Motion to Compel Respondents to Issue Petitioner's Unemployment Payments, (ECF No. 10), as replies to Respondents' Response to Petitioner's Writ of Mandamus, (ECF No. 8). *See, e.g.*, *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (noting that the court "construes *pro se* pleadings liberally").

      Petitioner contends that this Court should issue a writ of mandamus because the Appeal Referee concluded Petitioner is "lawfully entitled to unemployment benefits," and thus Respondent has "deprived the petitioner of his right to pandemic unemployment payments when they are due." (Writ 3:1–2). Respondents argue that Petitioner's Writ of Mandamus is

///

nonjusticiable because Petitioner had not exhausted all administrative remedies available to him prior to filing it. (*See generally* Resp.).

While Petitioner is correct that the Appeal Referee's January 18, 2022 decision concluded that Petitioner was entitled to PUA benefits beginning on March 8, 2020, the Appeal Referee modified its decision on May 3, 2022, and held that Petitioner was ineligible for benefits after April 12, 2020 because Petitioner failed to show that his lack of employment was due to the COVID-19 Pandemic. (*See generally* May 3, 2022 Decision, Ex. D to Resp.,). Petitioner filed his pending Writ of Mandamus on April 2, 2022, prior to the Appeal Referee's May 3, 2022 decision.

"A person generally must exhaust all available administrative remedies before initiating a lawsuit, and failure to do so renders the controversy nonjusticiable." *Allstate Ins. Co. v. Thorpe*, 170 P.3d 989, 993 (Nev. 2007). As the Nevada Supreme Court explained, the practical justification undergirding the exhaustion requirement is to provide "administrative agencies an opportunity to correct mistakes" and "resolve disputes without the need for judicial involvement" to "conserve[] judicial resources." *Id*. at 993–994 (footnote omitted). Here, an individual's requirement to exhaust all administrative remedies is a jurisdictional requirement; Nevada Revised Statute ("N.R.S.") 612.525(1) mandates, "Any decision of the Board of Review in the absence of an appeal therefrom as herein provided becomes final 11 days after the date of notification by electronic transmission or mailing thereof, and judicial review thereof is permitted only after any party claiming to be aggrieved thereby has exhausted administrative remedies as provided by this chapter." In other words, a court lacks jurisdiction over a petitioner's administrative appeal unless all administrative remedies are first exhausted.

Petitioner was allowed, as a matter of right, to appeal to the Nevada Board of Review. *See* N.R.S 612.515(1) ("An appeal to the Board of Review by any party must be allowed as a matter of right if the Appeal Tribunal's decision reversed or modified the Administrator's

determination."). Petitioner received notice of his right to appeal on the Appeal Referee's May 3, 2022 decision, which stated, "[t]he decision is final unless a signed appeal to the Board of Review is filed within 11 days of the decision's mailing date or unless good cause for the delay is shown." (May 3, 2022 Decision at 1, Ex. D to Resp.). However, Petitioner elected not to appeal the decision; the practical effects of Petitioner's decision rendered the Appeal Referee's May 3, 2022 decision final. *See* N.R.S. 612.510(2) ("The decision [of an Appeal Referee] is final unless an appeal to the Board of Review or a request for review or appeal to the Board of Review is filed, within 11 days[.]").

Although the Court recognizes that Petitioner's Writ of Mandamus was pending when the Appeal Referee published its May 3, 2022 decision, this does not cure the jurisdictional defect here. *See, e.g.*, *Pedroza-Padilla v. Gonzalez*, 486 F.3d 1362, 1365 n. 3 (9th Cir. 2007) (noting that "failure to exhaust administrative remedies [ ] deprives the court of jurisdiction to hear the matter" (citation and internal quotation marks omitted)); *see also Kame v. Employment Security Department*, 769 P.2d 66, 68 (Nev. 1989) ("When a party seeks judicial review of an administrative decision, *strict compliance* with the statutory requirements for such review is a precondition to jurisdiction by the court of judicial review. Noncompliance with the requirements is grounds for dismissal of the appeal." (emphasis added) (citation omitted)).

Moreover, mandamus is an "extraordinary remedy" for which Petitioner "has the burden of showing that its right to issuance of the writ is clear and indisputable." *Will v. United States*, 389 U.S. 90, 95–96 (1967) (citation and quotation marks omitted). The Ninth Circuit has held that "clear error is, if not necessary, a 'highly significant' factor" when determining whether to issue a writ of mandamus. *Cole*, 336 F.3d at 820 (citation omitted). Without passing on the merits of Petitioner's Writ of Mandamus, the Court observes that the relief sought by Petitioner is not supported by the Appeal Referee's May 3, 2022 decision. Petitioner contends that he is entitled to unemployment benefits totaling $76,000, and requests that this court compel the

DETF to pay Petitioner the unpaid employment benefits. (*See* Writ 3:5–6). Petitioner relies on the January 18, 2022 Appeal Referee decision in arguing that "Petitioner is lawfully entitled to unemployment benefits." (*See* January 18, 2022 Decision, Ex. B to Response, ECF No. 8-2). However, as discussed, that decision was modified by the Appeal Referee's May 3, 2022 decision, which concluded that Petitioner was not eligible for benefits after April 12, 2020. (*See* May 3, 2022 Decision, Ex. D to Resp.). As it currently stands, Petitioner is not lawfully entitled to unemployment benefits. The Court cannot compel officials to give Petitioner benefits to which the Appeal Referee found he was not entitled.

For these reasons, the Court concludes that it does not have jurisdiction over Petitioner's present action.[1] Accordingly, the Court DISMISSES Petitioner's Writ of Mandamus.

Moreover, because the Court dismisses Petitioner's Writ of Mandamus for lack of jurisdiction, the Court additionally strikes the following motions filed by the Parties as moot: (1) Petitioner's Request for a Hearing on the Writ of Mandamus; (2) Respondents' Motion to Strike; (3) Petitioner's Motion for Preliminary Injunction; (4) Petitioner's Motion for Summary Judgment or Partial Summary Judgment; and (5) Petitioner's Motion to Stop Respondent's Contemptuous Conduct.

///

///

///

---

[1] Additionally, although not addressed by Respondents, the Court would likely lack jurisdiction to issue a writ of mandamus to compel the DETR, a non-federal entity, to take the action requested by plaintiff. Specifically, the federal mandamus statute provides, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). In other words, federal courts lack jurisdiction or authority to issue mandamus to direct non-federal entities or officials, except in limited circumstances as prescribed by Congress. *See Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Writ of Mandamus, (ECF No. 1), is **DENIED** and Petitioner's action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Hearing, (ECF No. 7), Respondents' Motion to Strike, (ECF No. 11), Petitioner's Motion for Preliminary Injunction, (ECF No. 15), Petitioner's Motion for Summary Judgment or Partial Summary Judgment, (ECF No. 18), and Petitioner's Motion to Stop Respondent's Contemptuous Conduct, (ECF No. 19) are **STRICKEN as moot**.

Petitioner is instructed to exhaust his administrative remedies before seeking judicial review.[2]

**DATED** this __20__ day of April, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Although Petitioner failed to appeal the Appeal Referee's May 3, 2022 decision in a timely manner, under N.R.S. 612.515(1), Petitioner may appeal the decision if Petitioner can show there was a good cause for his delay in filing the appeal. The Court does not opine whether good cause exists.